Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ADELMO MENDEZ HERNANDEZ, | |
| | Case No. ________________ |
| Petitioner-Plaintiff, | |
| v. | |
| DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office; PATRICIA HYDE, Acting Field Office Director; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; TOD BLANCHE, Acting U.S. Attorney General; and MARK WAYNE MULLEN, U.S. Secretary of Homeland Security, | |
| Respondents-Defendants. | |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS SEEKING CONSTITUTIONALLY COMPLIANT BOND HEARING, AND INVENTORY AND RETURN OF PERSONAL PROPERTY AND MOTION FOR TEMPORARY RESTRAINING ORDER SEEKING STAY OF TRANSFER**

## I. INTRODUCTION

1. Petitioner **JOSE ADELMO MENDEZ HERNANDEZ** (hereinafter "Petititoner") seeks immediate, narrowly tailored habeas relief to remedy unlawful and arbitrary immigration detention practices that deprive him of due process, access to counsel, and meaningful custody review.
2. First, Petitioner seeks an emergency stay of transfer to prevent Immigration and Customs Enforcement ("ICE") from removing him from Burlington ICE Field Office while custody and bond proceedings are pending within this jurisdiction. ICE's practice of transferring detained individuals immediately before or during bond proceedings—often without notice to counsel—systematically interferes with access to counsel, preparation of bond evidence, and this Court's jurisdiction to provide meaningful relief. The requested stay of transfer is not an independent challenge to place of confinement. Rather, it is necessary to prevent Petitioner from mooting this Court's jurisdiction and from frustrating Petitioner's ability to obtain the core habeas relief sought—namely, a constitutionally compliant bond hearing and meaningful custody review. Courts retain authority to issue orders necessary to preserve jurisdiction and prevent actions that would render habeas relief ineffective.
3. Second, Petitioner seeks release from custody, or in the alternative a prompt individualized bond hearing, because ICE is engaging in categorical detention practices without individualized determinations and without providing a meaningful opportunity to seek release. Petitioner seeks, specifically, a bond hearing that complies with the standards outlined in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). Absent this Court's intervention, the Immigration Court has declined or will decline to exercise

jurisdiction to provide a full bond hearing, leaving Petitioner without any forum for meaningful custody review.

4. Third, Petitioner seeks ancillary habeas relief requiring ICE to account for, preserve, and return personal property seized incident to detention, including legal papers and personal effects. ICE's failure to inventory, preserve, or return Petitioner's property exceeds its lawful custodial authority and directly interferes with access to counsel and the courts.
5. Petitioner seeks relief necessary to restore due process, preserve jurisdiction, and remedy unlawful custody practices. Petitioner also reserves the right to seek further appropriate remedy from this Court if the Immigration Court record denies bond, in violation of the procedural and substantive standards mandated by this Court's Order and by the First Circuit in *Hernandez-Lara*. Habeas relief extends to challenges where custody is rendered unlawful by the denial of constitutionally adequate procedures, including the denial of a meaningful opportunity to seek release.
6. Petitioner does not challenge the general conditions of confinement or seek relief unrelated to the fact or duration of custody. Rather, all requested relief is narrowly tailored to remedy unlawful detention and to ensure the effectiveness of the writ. The requested stay of transfer and return of legal materials are necessary to preserve this Court's jurisdiction and to ensure Petitioner's meaningful access to a constitutionally compliant bond hearing.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and the Suspension Clause of the United States Constitution.

8. Federal district courts possess authority to grant habeas relief where immigration detention violates the Constitution, federal law, or exceeds statutory authority, including authority to order release, bond hearings, and ancillary injunctive relief necessary to make the writ effective.
9. Venue is proper in the District of Massachusetts because Petitioner is currently detained at Burlington, MA ICE Field Office, and Respondents exercise custody and control over Petitioner within this District.

## III. PARTIES

10. Petitioner is an individual currently detained by U.S. Immigration and Customs Enforcement at Burlington ICE Field Office in Burlington, Massachusetts.
11. Respondents, sued in their official capacities, are federal officials responsible for Petitioner's detention and custody: Patricia Hyde, Acting Field Office Director for ICE Enforcement and Removal Operations, with authority over detention and transfer decisions within the District of Massachusetts; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Tod Blanche, Acting United States Attorney General; Mark Wayne Mullen, United States Secretary of Homeland Security.

## IV. FACTUAL BACKGROUND

12. Petitioner is currently detained at Burlington ICE Field Office pursuant to ICE custody.
13. The sole reason for Petitioner's detention per ICE was DHS's failure to prosecute the Petitioner. Petitioner was served a defective NTA when he first arrived in the US and DHS never filed the NTA with the Boston Immigration Court.

14. Undersigned Counsel was retained to assist in this matter on April 16, 2026, and is actively preparing bond documentation and evidence.

15. ICE has a well-documented and recurring practice of transferring detained individuals out of district—or out of state—shortly before bond hearings or judicial review, often without notice to counsel. ICE's practice of transferring detainees immediately before or during custody proceedings creates a recurring situation capable of evading review, warranting this Court's intervention to preserve jurisdiction and prevent irreparable harm.

16. Such transfers routinely:

    a. Sever attorney-client relationships;

    b. Prevent meaningful preparation for bond hearings;

    c. Delay or foreclose custody review;

    d. Disrupt access to witnesses and evidence;

    e. Undermine federal court habeas jurisdiction.

17. In addition, ICE seized Petitioner's personal property incident to detention, including items essential to preparing his immigration case. ICE has failed to provide a complete inventory, has not returned property, and has not accounted for whether property has been lost or destroyed.

18. The loss or destruction of Petitioner's personal property:

    a. Interferes with access to counsel;

    Impairs preparation of bond and immigration proceedings;

    b. Exceeds ICE's lawful custodial authority;

    c. Violates due process.

19. Absent immediate judicial intervention, ICE may transfer Petitioner without notice, continue unlawful detention practices, and further deprive Petitioner of property and access to the courts, causing irreparable harm.

20. Further absent intervention from this Court, the Petitioner will not be afforded a fair and legally compliant bond hearing before the immigration judge.

## V. LEGAL GROUNDS FOR RELIEF

### A. This Court Has Authority to Enjoin Transfers and Remedy Unlawful Custody

Federal courts possess authority under **28 U.S.C. § 2241** to issue orders preventing detainee transfers that would interfere with habeas jurisdiction or the ability to provide effective relief. A transfer designed to defeat bond proceedings or judicial review violates the core purpose of the writ.

### B. Arbitrary and Categorical Detention Violates Due Process

The Fifth Amendment prohibits arbitrary detention without individualized determinations. ICE's practice of detaining individuals without meaningful access to bond or release violates due process and exceeds statutory authority.

### C. Denial of Bond Access and Counsel Violates Due Process

Transfers that disrupt bond proceedings and attorney access deprive detainees of a meaningful opportunity to be heard and violate fundamental fairness.

### D. Failure to Inventory and Return Personal Property Violates Due Process

ICE's failure to inventory, preserve, and return Petitioner's personal property—particularly legal materials—constitutes a due-process violation and interferes with

access to counsel and the courts. This unlawful conduct is properly remedied through ancillary habeas relief. The requested relief regarding Petitioner's legal materials is not a general property claim. The deprivation of these materials directly impairs Petitioner's ability to prepare and present evidence in support of release, thereby rendering any bond hearing constitutionally deficient.

**E. Petitioner is Unlawfully Detained due to DHS's Failure to Prosecute.**

Petitioner's continued detention is unlawful where it is the direct result of the government's failure to prosecute his case and provide a meaningful opportunity for custody review. Immigration detention is constitutionally permissible only where accompanied by adequate procedural safeguards, including a timely and meaningful opportunity to seek release. Here, Respondents' failure to proceed with the underlying removal case and/or to facilitate a bond determination has resulted in Petitioner's prolonged detention without any viable mechanism to challenge his custody. This indefinite detention, caused not by any action of Petitioner but by the government's own inaction, violates the Due Process Clause of the Fifth Amendment. Where the government fails to move forward with proceedings while continuing to detain an individual, habeas relief is warranted to restore a constitutionally adequate process, including a prompt individualized bond hearing or release. See, e.g., Hernandez-Lara v. Lyons (requiring meaningful custody review consistent with due process).

**F. Petitioner Faces Immediate and Irreparable Harm**

Absent relief, Petitioner faces:

- Continued unlawful detention;

- Loss of bond access;
- Transfer beyond this Court's jurisdiction;
- Ongoing deprivation of personal property essential to legal representation.

These harms cannot be remedied after the fact.

## VI. REQUEST FOR TEMPORARY RESTRAINING ORDER

Petitioner satisfies all requirements for emergency injunctive relief. ICE's transfer and detention practices undermine constitutional rights and judicial review. Maintaining the status quo imposes minimal burden on Respondents and is necessary to preserve this Court's jurisdiction and Petitioner's due process rights.

## VII. RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Grant the writ of habeas corpus and order Petitioner's immediate release from ICE custody;
2. In the alternative, order Petitioner's release on recognizance or under the least restrictive conditions necessary to ensure appearance;
3. In the further alternative, order Respondents to provide Petitioner with a prompt individualized bond hearing before a neutral adjudicator, at which:
    - DHS bears the burden of proof,
    - the standard is clear and convincing evidence, and
    - alternatives to detention are meaningfully considered;

4. Issue an immediate Temporary Restraining Order prohibiting Respondents from transferring Petitioner out of Burlington County Correctional Facility or the District of Massachusetts;
5. Order Respondents to produce a complete written inventory of all personal property seized from Petitioner;
6. Order Respondents to immediately return all personal property, including legal materials, or provide an accounting and appropriate replacement or compensation if property has been lost or destroyed;
7. Issue any preservation order necessary to prevent further destruction or loss of Petitioner's personal property;
8. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Petitioner Name, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22 day of December, 2025.

/s/ *Kevin MacMurray*
Kevin MacMurray

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 16 day of April, 2026.

*/s/ Kevin MacMurray*
Kevin MacMurray