**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ADELMO MENDEZ HERNANDEZ,<br><br>Petitioner,<br>v.<br><br>DAVID WESLING, *et al.*,<br><br>Respondents. | Civil Action No. 26-cv-11781-FDS |

**RESPONDENTS' RESPONSE TO PETITIONER'S HABEAS PETITION**

Petitioner Jose Adelmo Mendez Hernandez has filed a Petition for Writ of Habeas Corpus challenging his immigration detention and seeking immediate release or a bond hearing. *See generally* Doc. 1. Respondents submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in *Dume Rivera et al. v. Moniz,* 2025 WL 3198419 (D. Mass. Oct. 16, 2025). Should the Court follow its reasoning in *Dume Rivera*, it would reach the same result here. Accordingly, Respondents submit that the Court may resolve this Petition without further briefing or oral argument.[1]

[1] Respondents reserve all rights to appeal and incorporate by reference the legal arguments they presented in *Dume Rivera*. Respondents will provide further briefing on any issue that Respondents did not address in *Dume Rivera* if the Court would like Respondents to do so.

Alternatively, the Court should dismiss this Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, Civil Action No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). Petitioner is limited to "one bite at the litigation apple" under the doctrines of res judicata and claim-splitting, Ashbourne v. Hansberry, 894 F.3d 298, 302 (D.C. Cir. 2018); Steele v. United States, 144 F.4th 316, 324 (D.C. Cir. 2025); Salvati v. Fireman's Fund Ins. Co., 368 F. Supp. 3d 85, 91 (D. Mass. 2019). Thus, Petitioner cannot obtain relief on his claims—which arise from the same transaction or occurrence at issue in Guerrero Orellana—beyond the declaratory relief that was available in that class action from which no opt out was available, and his/her claims should be dismissed. Respondents recognize that this argument was rejected by the Guerrero Orellana court in its order granting class certification.

Furthermore, the Respondents respectfully provide notice to the Court that Petitioner is detained at the Donald Wyatt Detention Facility at 950 High Street, Central Falls, RI 02863. Per Immigration and Customs Enforcement agency counsel, the Petitioner was detained on April 16, 2026, and following processing at the Burlington, Massachusetts field office, was transported to the above facility. The Petitioner departed Massachusetts at 4:35 p.m. and arrived at the Wyatt Detention Facility at 5:55 p.m. The Petition was filed with the Court at 4:34 p.m.

Dated: April 24, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Vincent Engingro III*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: Vincent.engingro@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: April 24, 2026

By: */s/Vincent Engingro III*
Special Assistant United States Attorney

---

Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3033769, at *13 (D. Mass. Oct. 30, 2025).