**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOSE ADELMO MENDEZ HERNANDEZ, )<br><br>Petitioner, )<br><br>v. )<br><br>DAVID WESLING, et al., )<br><br>Respondents. ) | Civil Action No.<br>26-cv-11781-FDS |

**MEMORANDUM AND ORDER ON PETITION**
**FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Jose Adelmo Mendez Hernandez was taken into ICE custody on April 16, 2026. He contends that his continued detention without a bond hearing violates his Fifth Amendment right to due process. He seeks immediate release or, in the alternative, an individualized bond hearing.

I.    **Background**

Jose Adelmo Mendez Hernandez is a noncitizen residing in the United States. He was detained by ICE on April 16, 2026, at the field office in Burlington, Massachusetts. (Dkt. No. 6, at 2).

Later that day, at 4:34 p.m., he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). The petition contends that his detention without a bond hearing violates his Fifth Amendment right to due process. (*Id.* at 6). It also alleges that ICE's failure to inventory and return his personal property violates due process. (*Id.*

at 6-7). At the same time, he moved for a temporary restraining order seeking a stay of his transfer out of the District of Massachusetts. (*Id.* at 8).

At 4:35 p.m., following processing at the Burlington field office, petitioner departed Massachusetts. (Dkt. No. 6, at 2). He was transferred to the Wyatt Detention Facility in Central Falls, Rhode Island, where he remains detained.

The next day, on April 17, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 4). Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief. (*Id.*).

On April 24, 2026, respondents answered the petition. (Dkt. No. 6). They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *Dume Rivera*," and "[s]hould the Court follow its reasoning in *Dume Rivera*, it would reach the same result here." (*Id.* at 1). They also informed the Court that petitioner had been transferred to Rhode Island on April 16, 2026. (*Id.* at 2).

II.    **Analysis**

To start, respondents do not dispute that petitioner was detained within the District of Massachusetts at the time of the petition's filing. Nor have they objected that neither respondent David Wesling, ICE Boston Field Office Director, nor respondent Patricia Hyde, ICE Acting Field Office Director, had "day-to-day control over the facility in which he [was] detained" at that time. *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000).[1] The Court therefore retains

---

[1] The petition names David Wesling, Boston Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; Patricia Hyde, Acting Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement;

2

jurisdiction, notwithstanding the transfer of petitioner to Rhode Island.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (restating the holding of *Ex parte Endo*, 323 U.S. 283 (1944))).

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *But see Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."

---

Todd Blanche, Acting Attorney General of the United States; and Markwayne Mullin, U.S. Secretary of Homeland Security, as respondents.

Ordinarily, the only possible proper respondent is "the person who has custody over [the petitioner]."  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

*Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof.  *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").  His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).  The Court will therefore grant his petition to the extent that it seeks a constitutionally adequate bond hearing.

Petitioner has not alleged what personal property ICE has seized.  Nor is it clear whether ICE completed an inventory of his property prior to his transfer to Wyatt Detention Facility.  Consequently, the Court will deny petitioner's request for the inventory and return of his personal property, without prejudice to its renewal on a more complete record.

## III.  Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing no later than May 5, 2026.  Petitioner's request for an inventory and return of his personal property is DENIED without prejudice to its renewal.

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  April 27, 2026                    United States District Court Judge

4